UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL O'NEIL CLOYD,<br><br>Petitioner,<br><br>v.<br><br>BURTON,<br><br>Respondent. | No. 2:19-cv-1946 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was transferred in from the Northern District. (ECF No. 5.) Petitioner claims his Fourteenth Amendment rights have been violated because the Board of Parole Hearings has not set a determinate term of imprisonment. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 4) and his petition for screening (ECF No. 1). For the reasons set forth below, the court will recommend that the petition be dismissed.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

1

**SCREENING REQUIREMENT**

I.     **Legal Standards – Screening**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

////
////
////
////

**II.     The Petition**

Petitioner alleges that his due process rights have been violated because the California Board of Prison Terms[1] refuses to set a determinate term in accordance with his second-degree murder conviction. (ECF No. 1 at 5.) Petitioner was sentenced to 15-years-to-life for second degree murder and with an additional 3-year enhancement for using a gun during the crime. (ECF No. 1 at 1.)

Petitioner claims that under California's Determinate Sentencing Law, once an individual serves 10 years in prison the individual is eligible for parole. However, once an individual serves 20 years, the Board of Parole Hearings ("the Board") loses jurisdiction and a determinate prison term must be set. Petitioner states that he is in his 28th year of his prison sentence. (ECF No. 1 at 5.) He argues that the California Department of Corrections and Rehabilitation ("CDCR") has violated his due process rights by failing to set a determinate prison term.

**III.     Analysis**

**A. Petitioner's Claim is Based on his Misunderstanding of State Law**

Petitioner claims that his due process rights have been violated because the Board has not given him a release date even though he has served more than twenty years in prison. (ECF No. 1 at 5.) In order to address petitioner's argument, the court must briefly discuss the background of California's sentencing laws.

Prior to 1977, California used an indeterminate sentencing system (the "ISL") for felonies. In re Dannengberg, 34 Cal. 4th 1061, 1077 (2005). In 1977, California instituted a determinate sentencing system (the "DSL"). Id. at 1078. The DSL prescribed sentences of a set duration for most crimes, e.g., 2, 4, or 6 years in prison for first degree burglary. Cal. Penal Code § 461. However, sentences for most murders (and some kidnappings) remained indeterminate.[2]

---

[1] In 2005, California's Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings.").

[2] An indeterminate sentence "means the defendant is sentenced to life imprisonment but the [Board of Parole Hearings] can in its discretion release the defendant on parole." People v. Jefferson, 21 Cal.4th 86, 92 (1999).

1       Inmates with indeterminate sentences, like petitioner, "may serve up to life in prison, but they become eligible for parole consideration after serving minimum terms of confinement." Dannenberg, 34 Cal.4th at 1078. The Board determines the actual confinement period of an inmate with an indeterminate sentence. Id. Once the Board determines that an inmate is suitable to have a parole release date set, the Board will calculate a "base term" for that inmate. Id. at 1079. The California Supreme Court made clear that an inmate with an indeterminate sentence would not have a base term calculated until the Board has determined that the inmate is suitable for the fixing of a parole date. Id. at 1079-80.

      The allegation that the Board should have set a determinate term appears to be based on petitioner's misunderstanding of the law. Petitioner argues that the Board is obligated to set his release date. However, "[u]nder California law, the duty to set (or fix) a term of years for a life prisoner does not arise until after he is found suitable for parole. Where, as here, the life prisoner has not been found suitable for parole, there is no obligation to set a term or a parole release date." Palomar v. Board of Parole Hearings, No. C-13-3214 EMC (pr), 2013 WL 4482508 at *3 (N.D. Cal. Aug. 19, 2013) (citations omitted). The court takes judicial notice of records from the Board of Parole Hearings located at https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=J13973 indicating that petitioner has not yet been found suitable for parole.[3] Accordingly, the Board is not obligated to set petitioner's release date at this time.

### B. Habeas Relief does not Lie for Errors of State Law

      Petitioner's sole ground for relief challenges the application of California's sentencing laws to his situation. However, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). This court is bound by California's interpretation of its own laws. See McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989).

---

[3] The Court may take judicial notice of public information stored on the CDCR website. See Louis v. McCormick & Schmick Restaurant Corp., 460 F.Supp.2d 1153, 1155 fn.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records); Pacheco v. Diaz, No. 1:19-cv-0774 SAB (PC), 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019) (court may take judicial notice of CDCR's Inmate Locator system).

4

The supreme Court has "long recognized" that mere errors of state law do not deny due process. Swarthout v. Cooke, 562 U.S. 216, 221-22 (2011) (per curiam); Carr, 2017 WL 1353804, at *4 (under Swarthout, "federal due process protections do not include adherence ot California [parole] procedures"). Petitioner may not "transform a state-law issue" into a federal one merely by labeling it a constitutional violation. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (as amended Apr. 14, 1997). Because petitioner's sole ground for relief alleges an error of state law, it is not cognizable in a federal habeas action and the petition should be dismissed.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF Nos. 4) is granted; and

2. The Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed because petitioner's sole claim is not cognizable in a federal habeas action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The documents should be captions "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/cloy1946.scrn